UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 00-4655

DWIGHT DELINOR EPPS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-00-11)

Submitted: April 24, 2001

Decided: May 14, 2001

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Christopher Clemens, Sr., CLEMENS & CLEMENS, P.C., Salem, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dwight Delinor Epps appeals his conviction and sentence of seventy-seven months' imprisonment for the strong arm robbery of John Crenshaw in violation of 18 U.S.C. § 2111 (1994). Epps challenges the sufficiency of the evidence underlying the conviction. We review the record in the light most favorable to the government to determine if there is substantial evidence to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is allowed the benefit of all reasonable inferences from the facts proven to those sought to be established. *See United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). We have reviewed the record and affirm the conviction and sentence.

Epps and Crenshaw are patients of the Salem Veterans Administration Medical Center. A volunteer observed Epps speak sternly to Crenshaw, lead him into the men's restroom by placing a hand on the back of Crenshaw's neck and a hand on his arm, and shove Crenshaw against a wall. The volunteer then observed Crenshaw withdrawing his billfold and giving Epps five dollars. Government witnesses testified that Epps is a large, overbearing man, while Crenshaw is a timid, gentle man who often does not speak. Crenshaw testified he had given Epps $605 over the previous months. Crenshaw testified he did not want to give Epps money, but was afraid Epps would reach into Crenshaw's pocket and take it himself. Following Epps' arrest, Epps' lawyer tendered a check for $605 to Crenshaw and asked him to sign an affidavit stating the monies taken by Epps were loans and had been repaid in full.

Epps argues the evidence is insufficient to establish a robbery by force or threat of force. He further contends the exchanged funds were loans that have now been repaid in full. Taking the evidence in the light most favorable to the Government, we find the evidence of intimidation and force to be sufficient to support Epps' conviction. We therefore affirm. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*